Curia, per

Johnston, Ch.
The Court is satisfied with the decree setting aside the sale of the White House tract, and it seems to us so obvious that the sale was entirely owing to the interference of Nathan H. Davis, that it is deemed unnecessary to add any thing to the observations of the Chancellor in his decree.
But the second ground of appeal insists that the sale should not have been set aside, and a re-sale ordered, without holding the plaintiffs, (as a condition of the re-sale) to the bid of $10,000 made by them in the bill.
A sheriff’s sale, as this was, must stand if fairly made, whatever the price obtained for the property. This sale was not set aside, and could not have been set aside, on the ground that the plaintiffs offered a better bid. The doctrine of opening biddings, has nothing to do with the case. The sale stands exclusively upon grounds of fairness or unfairness in bringing it about; and so the Chancellor has held.
If the plaintiffs did not and could not entitle themselves to *149 a rescisión of the purchase made by Nathan H. Davis,-by making a higher bid; and were, on the other hand, entitled to set it aside, on the other grounds stated in the decree ; it is difficult to perceive upon what grounds they should be held' to the offer made in the bill. It was altogether nugatory and ineffectual in procuring the decree which was made. Why then should it be annexed to the decree as a condition of it ?
The first question contained in the 3d. ground of appeal, (i. e.) whether Nathan H. Davis should not be allowed, in his discharge, the purchase money actually paid to the sheriff, may be raised before the Master, in taking the accounts ; and leave is given for that purpose, the Court reserving its judgment until the report comes in.
Upon the second question, in the same ground of appeal, the Court gives a like opinion. Mr. Jonathan Davis may bring his judgment before the Master, like the olher creditors of William K. Davis, and will be entitled to its benefit, or not, according to the merits of his claim. The Court will not prejudge it either in his favor or against him.
With these explanations, it is ordered that the decree be affirmed and the appeal dismissed.
Donkin and Dargan, CC., concurred.

Decree affirmed.